UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GUY R. PUPP, D.P.M.,

              Plaintiff,                               Case No. 1:09-cv-532

v.                                                 HON. JANET T. NEFF

ILLINOIS UNION INSURANCE
COMPANY,

              Defendant.

_____/


## OPINION

The instant action arises from an underlying medical malpractice suit, *Julie Sprague v. Guy Pupp, D.P.M., and Southeast Michigan Surgical Hospital, L.L.C*, pending in the Macomb Circuit Court of Michigan (Docket No. 08-1778-NH) (Compl. ¶ 5). On May 7, 2009, Plaintiff Guy Pupp, D.P.M., filed a three-count complaint in Ingham Circuit Court of Michigan, seeking a declaratory judgment that Defendant Illinois Union Insurance Company was obligated to defend and indemnify Plaintiff for purposes of the *Sprague* case (Dkt 1, Ex. A). On June 9, 2009, Defendant removed the Ingham Court action to this Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (Dkt 1).

Pending before this Court is Plaintiff's Motion to Remand (Dkt 8). For the reasons that follow, the Court declines to exercise jurisdiction over Plaintiff's declaratory judgment action, and Plaintiff's motion to remand is GRANTED.

## **Background**

In the underlying malpractice action, Sprague alleges a claim of professional negligence pertaining to her medical care and treatment at the Southeast Michigan Surgical Hospital (SMSH) Podiatry Clinic where she was treated by Plaintiff, a licensed podiatrist, who served as the director of the SMSH podiatry program (Def. Br. 3; Pl. Br. 1). SMSH tendered the defense of the *Sprague* malpractice action to its professional liability insurer, Defendant. Plaintiff likewise tendered the defense of the *Sprague* malpractice action to his personal professional liability insurer, who retained separate counsel to defend Plaintiff and his practice (Def. Br. 3-4). Plaintiff subsequently tendered the defense of the malpractice action to Defendant, as SMSH's insurer (*id.* at 4). Defendant declined Plaintiff's request for defense and indemnification (*id.*), leading to the instant action.

## **Discussion**

This Court has the discretion to decide whether to dismiss or stay a declaratory judgment action pursuant to 28 U.S.C. § 2201(a); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 453-54 (6th Cir. 2003). The Sixth Circuit Court of Appeals has held that courts are to consider five factors in assessing the propriety of exercising discretion in a declaratory judgment action. *Grand Trunk W. RR v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984); *see also Northland Ins.*, 327 F.3d at 453; *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000); *Omaha Prop. & Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 448 (6th Cir. 1991).

The five factors enumerated in *Grand Trunk* are: (1) whether the action would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying

the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *Grand Trunk*, 746 F.2d at 326 (citation omitted). The Court has carefully considered the five factors and concludes that the first, fourth and fifth factors weigh strongly against retaining jurisdiction of this matter, while the second factor is, if not neutral, of minimal weight under the circumstances presented.[1]

Two lines of precedent have developed concerning whether the first *Grand Trunk* factor relates to the declaratory judgment action or the underlying action "in the context of an insurance company's suit to determine its policy liability." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir.2008). This appears to depend in part on the overlap between the cases and whether the same parties are involved. *Id*. at 556.

In the present case, there is a factual overlap between the declaratory action and underlying state court case, which involves not only Plaintiff and Defendant, but also SMSH, whose policy is in dispute in this action. Although this declaratory action may resolve the specific defense and indemnity dispute between Plaintiff and Defendant, that is only one aspect of a multifaceted controversy involving these same parties in the underlying action. Moreover, the insurance coverage controversy turns on the state law question of whether Plaintiff is an "insured" under the terms of the policy issued by Defendant to SMSH, and the development of facts related thereto. In

---

[1]The third factor is not at issue as a consideration.

light of these considerations, the benefit of the resolution of this action to settlement of the controversy is questionable. Thus, the first factor weighs against the exercise of jurisdiction.

The second *Grand Trunk* factor considers whether the district court's judgment would clarify the legal relations at issue. This factor's analysis is closely related to that of the first factor. *Flowers*, 513 F.3d at 557; *see also Travelers Indem. Co. v. Bowling Green Prof'l Assocs.*, 495 F.3d 266, 271 (6th Cir. 2007) (considering the first two factors together). "Indeed, it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Flowers*, 513 F.3d at 557. Similar to the split in jurisprudence concerning the first factor, "a split has developed in precedent concerning whether the district court's decision must only clarify the legal relations presented in the declaratory judgment action or whether it must also clarify legal relations in the underlying state action." *Id.* In *Flowers*, the Sixth Circuit focused only on whether the district court's decision would clarify the legal relationships presented to the federal court. *Id.* In the present case, this Court is asked to clarify Defendant's contractual duties to defend and indemnify Plaintiff. Even though the declaratory judgment action may serve to clarify the legal relations presently before this Court, this matter can also be efficiently resolved in the underlying state court action. Although this factor, if not neutral, appears to favor Defendant, the other factors weigh strongly against this Court retaining jurisdiction.

The fourth *Grand Trunk* factor asks the Court to consider whether the use of the declaratory action may increase friction between federal and state courts. In *Roumph*, the court articulated three subfactors to be considered when determining whether the action will increase friction between federal and state courts. *Roumph*, 211 F.3d at 968; *Flowers*, 513 F.3d at 560. These factors include: (1) whether the underlying factual issues are important to an informed resolution of the case; (2)

whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

In this case, all three subfactors support resolution in the state court of the parties' disputes over the duty to defend and indemnity. Federal law is not implicated in any manner in the present case. To the contrary, the legal issues related to both the indemnification and liability appear to rest wholly on state law. In cases such as the present one, the Sixth Circuit has indicated that "federal district courts, at least in this circuit, should refrain from entertaining such actions where the sole issue is one of state law." *Maryland Ins. Group v. Roskam Baking Co.*, 6 F. Supp. 2d 670, 671 (W.D. Mich. 1998). In this case, any attempt by this Court to resolve the issues presented would likely encroach on state court jurisdiction to decide matters of state law and policy, particularly given the intertwined duty-to-defend, indemnity and liability issues. The Court concludes that this factor weighs strongly against any exercise of jurisdiction by the federal court.

The fifth *Grand Trunk* factor asks the Court to consider whether there is an alternative remedy that is better or more effective. The parties in this case have an available alternative remedy of having their dispute resolved in Michigan state court, which will be more effective given the legal questions and the relationships at issue. Although Defendant contends that this Court should retain jurisdiction because this case was filed in a different state court than the underlying malpractice action, the Court is unpersuaded by this argument. As previously noted, this dispute involves only matters of state law and policy, and in this Court's view, declining federal jurisdiction is preferable.

Whether this action continues to be litigated independently of the underlying action is a matter to be addressed in the state courts.

*Non-Declaratory Claims*

Defendant argues that even if this Court were to exercise its sound discretion and decide not to exercise jurisdiction over the declaratory relief, this Court is precluded from remanding Counts II and III of the Complaint, which involve claims for monetary relief (Def. Br 5). Defendant states that "[i]t is well established that when a claim for monetary relief such as a breach of contract claim is joined with a request for declaratory relief, and the claim for monetary relief exists independently of the declaratory relief, the court's jurisdiction over the monetary relief is mandatory" (Def. Br. 5).

To support this assertion, Defendant relies on an approach adopted by the Ninth Circuit, imposing mandatory jurisdiction for any claims "that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1167-68 (9th Cir. 1998); *see also United Nat. Ins. Co. v. R & D Latex Corp.,* 242 F.3d 1102, 1112-15 (9th Cir. 2001); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1226 n.6 (9th Cir. 1998) (en banc). However, Defendant cites no Sixth Circuit authority for this rule. In fact, there is a split among the circuits regarding this very issue. *See R.R. Street & Co., Inc. v. Vulcan Materials Co.,* 569 F.3d 711, 715-17 (7th Cir. 2009) (setting forth the distinct approaches within different circuits); *see also New England Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009).

In light of Defendant's failure to cite any Sixth Circuit authority for this argument and given the split among the circuits, this Court declines to accept Defendant's proposition that this Court's jurisdiction over Counts II and III is mandatory. This area of law is complex and implicates

numerous ancillary legal issues that need not be reconciled in deciding this motion.[2]   Here, Plaintiff's claims in Counts II and III emanate from the declaratory matter at issue and are not appropriately considered as existing independently of Plaintiff's request for a declaratory relief, such that this Court's jurisdiction is mandatory.

## Conclusion

The Court acknowledges that there are often competing factors that make the decision whether to exercise jurisdiction in insurance "duty to defend and indemnify" cases a difficult one. This case is no exception.  Ultimately, the Court must rely on controlling Sixth Circuit precedent and draw guidance from the many and varied cases in which these matters have been considered to reach a reasoned outcome.  In this case, the Court is persuaded that the proper course is to yield to the jurisdiction of the state courts.

Having considered the *Grand Trunk* factors, and the nature of this action in the context of the underlying litigation, the Court declines to exercise jurisdiction in this matter.  Accordingly, Plaintiff's Motion to Remand (Dkt 8) is GRANTED.

---

[2]Although some district courts in this Circuit have relied on the approach adopted by the Ninth Circuit, this Court does not find such analysis persuasive in the circumstances of this case, particularly in the absence of any definitive resolution by the Sixth Circuit.  *See, e.g., Knowlton Const. Co. v. Liberty Mut. Ins. Co.,* No. 2:07-cv-0748, 2007 WL 4365690, at *3 (S.D. Ohio Dec. 13, 2007); *see also Grizzly Processing, LLC v. Wausau Underwriters Ins. Co.,* No. 7:08-226-KKC, 2009 WL 4730205, at *3 (E.D. Ky. Dec. 4, 2009) *amended by*, No. 7:08-226-KKC, 2010 WL 881920 (E.D. Ky. Mar. 8, 2010) (citing *Knowlton, supra,* as well as *Adrian Energy Assocs. v. Mich. Pub. Serv. Comm'n,* 481 F.3d 414, 422-23 (6th Cir. 2007)); *CBL & Assocs. Mgmt., Inc. v. Lumbermens Mut. Cas. Co.,* No. 1:05-CV-210, 2006 WL 2087625, at *4 (E.D. Tenn. July 25, 2006).

An Order will be entered consistent with this Opinion.


DATED: March 29, 2010                    /s/ Janet T. Neff
                                         JANET T. NEFF
                                         United States District Judge